To hinder or prevent an employer from employing whom he pleases, or to hinder or deter workingmen from working for him, is a criminal conspiracy; a condition of things at war with every principle of justice. An influence exerted by a secret association of conspirators, actuated solely by personal considerations. 55 *Conn.*, 46, 47.

When two or more persons combine to commit a misdemeanor such combination is a crime. A combination for the purpose of intimidating an employer and compelling him to discharge certain of his workingmen is a violation of the statutes.
*Thomas* v. *Barr*, 53 N. J. Eq., 101.

Boycotting is a violation of the rights of fellow citizens and under the ban of the law. Picketing and distribution of boycott circulars are violations of the law.
*Beck* v. *Railway Teamsters' Protective Union*, 118 Mich., 497; *Moores* v. *Bricklayrs' Union No.* 12, 23 Law Bulletin, 50.

Boycotting a criminal act. A hateful and dangerous practice which will unlimately divide any community into warring factions.
*T. A. A. & N. M. R. Co.* v. *Penn.*, 54 Fed. Rep., 740.

---

(Trumbull Co., O., Common Pleas, 1890.)
DAVID S. FOREDYCE v. C. EASTHOPE.

1. Correspondence by letters, one making an offer and the answer unqualifiedly accepting the same, constituted a valid contract.
2. Contracts by minors are voidable, and may be disaffirmed by the minor at any time up to and before and at the time of reaching majority.
3. Under a contract to work, labor voluntarily performed after working hours, without compulsion by the employer, will not justify quitting the employment during the term of employment contracted for.
4. The rule of damages for breach of contract for labor for a specified time is the difference between the contract price and what the market value of the employe's services would be worth at the time of the breach of the contract.

The judgment of the Common Pleas in this case was affirmed by the circuit court of Trumbull county, April term, 1891, and by the Supreme Court without report, 33 W. L. B., 223, 52 Ohio St., 663.

---

The pleadings show that plaintiff:
First. Sued for $70.00 earned by him as wages.
Second. It is conceded the work was done and was worth that sum.
Third. But payment thereof is sought to be avoided, by setting up an entire contract for a year, and quitting of service of plaintiff (below) before the expiration thereof, without cause, and therefore nothing due.

Fourth. Such construction of contract is denied, and alleges new proposals and inducements acted on by plaintiff (below); alleges justification for quitting in any event, and also sets up minority

Charge to the Jury.

GILMER, J.

Gentlemen of the jury: David Foredyce brings this action against the defendant, C. Easthope, to recover for services he alleges to have rendered for the defendant from March 21, 1889, to August 10, 1889, upon his farm.

He says that he worked during this time, and that these services were reasonably worth the sum of fifteen dollars per month, and that in the aggregate it amounts to the sum of seventy dollars.

There is also another claim for extra hours mentioned in the petition. No proof has been given upon that; and in no event will you consider that part of the claim in the case for the plaintiff has withdrawn that claim from his petition.

To this petition the defendant files his answer in which he admits that the plaintiff worked for him, the defendant, from March 21, to August 10, 1889; admits that his services were reasonably worth the sum of $15.00 per month, and then by way of denial of plaintiff's claim, he says these services were performed under an agreement by which the plaintiff agreed to work for the defendant for the term of one year at an agreed price of one hundred and eighty dollars, and that without defendnat's fault the plaintiff quit his services before the expiration of this time. He then further avers by way of cross-petition, that he has been damaged by reason of this breach of contract on the part of plaintiff in the sum of thirty dollars, and asks judgment at your hands for that sum.

To this answer the plaintiff makes reply and says, that if there was a written contract, that still all the terms of that contract are not fully set forth in writing, and one reply to the defendant's answer is, that the requirements of the defendant were such that it was impossible for him to perform them and that he was obliged to quit; that he quit on account of the fault of this defendant and not on account of his own fault. He further says, that when this contract was made he was a minor and that he disaffirmed the contract, and that whatever services he rendered were not rendered under the contract claimed by the defendant, under the admission made by counsel and the admissions in the answer in this case.

Defendant's counsel have had the opening and closing arguments to you, and the first question the court would direct your attention

to is whether or not there was a contract made as alleged in the defendant's answer.

The burden of proof would be upon the defendant to satisfy you by a fair preponderance of the evidence that such contract in substance as is alleged, was entered into. Upon that question I am asked to say that if you find from the evidence that previous to March 21, 1889, that plaintiff and defendant had correspondence by mail, and that defendant in a letter to and received by plaintiff, proposed to hire plaintiff to labor for him for a year at a stated price, and that plaintiff in a letter written to and received by defendant, accepted sai proposal without condition or reserve. Then, I say to you that such a letter would constitute in law a written contract between plaintiff and defendant to labor for one year.

You will remember what the parties claim here. The claim of the defendant is—you will have before you—that there was a written contract for services for one year. The plaintiff in reply says, that not all of that contract was in writing. You will ascertain what the proof was, and the burden of proof is as I have stated.

The question is now before you: What was the contract entered into, if any, by these parties?

If you find that there was a contract, find upon this issue for the defendant. Then, you will enquire further, was this contract disaffirmed or put an end to? You will remember the claim of the plaintiff is that he was a minor when this contract was entered into. If he was a minor this contract was voidable and he could put an end to this contract, although it was in writing. He says to you that when he went to work for the defendant, as he supposed to do ordinary farm labor, he was required to work late in the night and early in the morning; that he found the labor such that it was impossible for him to do it, and thereupon he informed the defendant and put an end to this contract; he disaffirmed it and told him he could work no longer under it. Thereupon the defendant asked him to go on, and then made, as he, the defendant claims, substantially a new contract. In other words, from that time on he did not work under the contract as made, if you find there was one made, but that he worked independent of it. How it this, gentlemen? This is to be determined by the evidence in this case.

I say to you that the plaintiff had a right to disaffirm the contract if you find he was a minor, at any time before he became of age or up to the time or even at that time, he might disaffirm it and set it to one side. In this matter, the burden as I say, is upon the plaintiff to satisfy you by a fair preponderance of the evidence. These parties are at issue about it.

The plaintiff insists by the evidence that he has given, that perhaps or more than one occasion before he became of age, and even , I think, at the time he became of age, he disaffirmed this contract, and said to this defendant that he must quit his services, and that the defendant thereupon requested him to go forward.

The claim of the plaintiff is that he did not go forward, if there was a contract; the claim of the defendant is that he did go forward under this contract and that he never did disaffirm it.

It would be a defense, if you find upon the evidence, that there was a written contract between the plaintiff and defendant made previous to March 21, 1889, by which plaintiff agreed to labor for defendant for one year, and that plaintiff commenced to labor for defendant under such contract until he quit on August 10, 1889, unless you should find that plaintiff disaffirmed the same before or about the time he became of age.

The other question made in reply in this case is that this defendant required of this plaintiff excessive labor—labor that was not required and was not contemplated within the terms of the contract, and that it was excessive beyond what reasonable men would require of their help, and therefore, he was justified in doing as he did. If you find that he did not disaffirm the contract, if one was made, he still claims that he was justified, under the circumstances, in quitting.

I say to you upon this subject, that if you find from the evidence that plaintiff was working for defendant on his farm under contract to work for a year, and at any time while so laboring worked hours in excess of a lawful day's labor, and did it voluntarily, without any compulsion on the part of the defendant, that would not in law alone constitute justification to quit his employment during the year.

You will remember that the plaintiff claims that it was not voluntary—that it was a requirement; it was something that the defendant asked of his employes. That is the claim of the plaintiff. The claim of the defendant is that whatever the plaintiff did was voluntarily done.

Now, then, gentlemen, it is a question for you to determine whether or not, under all the circumstances in the case as proved here, he was justified in quitting the employment of the defendant.

If you should find against the plaintiff upon these several matters set up in his reply, then, as I have said, and find that there was a contract, in the manner I have instructed you, then that would not only be a defense to the plaintiff's claim, but the defendant would be entitled to recover damages. He alleges in his

cross-petition that he has sustained damages in the sum of thirty dollars. The rule of damages would be the difference between the contract price and what the market value of plaintiff's services were worth at that time.

On the other hand, if you find against the defendant on the contract as alleged in the petition, then, the verdict would be for the plaintiff; the sum of $70.00 with interest upon it up to the first day of the present term of court, February 10. Also, if you find he was a minor and disaffirmed the contract, the same rule would prevail, and for the plaintiff, or if you find he quit the employment without fault of the plaintiff and on account of the fault of the defendant, then your verdict would be for the plaintiff in the sum of $70.00, it having been admitted that his services were worth that much in the answer, whatever these services were worth, with interest up to the first day of the present term of court, February 10, 1890.

Under the instructions I have given you, you will determine what the facts in this case are.

*J. E. Pickering* and *M. Woodford,* for plaintiff.

*George P. Hunter,* for defendant.